IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARTY JOHN HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 315-106 |
| | ) | |
| LYNN SHEFFIELD, | ) | |
| and CHRIS STEVENSON, | ) | |
| | ) | |
| Respondents. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, a former inmate at the Dodge County Jail in Eastman, Georgia, filed the above-captioned case pursuant to 28 U.S.C. § 2254 *pro se* and is proceeding *in forma pauperis* ("IFP"). (Doc. nos. 1, 7.) Petitioner was later transferred to Irwin County Detention Center. (Doc. no. 6.) Petitioner's mail in two companion cases was recently returned as undeliverable with a notation that Petitioner is no longer at the facility listed as his address. Harris v. Sheffield, CV 315-107, doc. no. 12 (May 31, 2016); Harris v. Boatwright, CV 315-108, doc. no. 9 (Apr. 26, 2016).[1] As a result, Petitioner has saddled the Court with a stagnant case.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to

---

[1] A Court may take judicial notice of its own records. United States v. Rey, 811 F.2d 1453, 1457 (11th Cir. 1987)

comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

Here, Petitioner's failure to update his address amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. The lack of an updated mailing address leaves the Court with no way to communicate with Petitioner and saddles the Court with a stagnant case.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to appoint counsel (doc. no. 10) be **DENIED AS MOOT** and this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 15th day of June, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA